```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION


KATRINA L. DELLERMAN,

             Plaintiff,
     vs.                                 Civil Action 2:13-CV-563
                                         Judge Frost
                                         Magistrate Judge King
COMMISSIONER OF SOCIAL SECURITY,

             Defendant.
```

### REPORT AND RECOMMENDATION

### I. Introduction and Background

This is an action instituted under the provisions of 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security denying plaintiff's application for disability insurance benefits. This matter is now before the Court on *Plaintiff's Statement of Errors*, Doc. No. 13, and the Commissioner's *Memorandum in Opposition*, Doc. No. 16.

Plaintiff Katrina L. Dellerman protectively filed her application for benefits on May 27, 2010, alleging that she has been disabled since June 1, 2000, as a result of bipolar disorder, migraine headaches, rheumatoid arthritis, sleep apnea, chronic back pain, knee pain and torn meniscus, panic attacks in large crowds, and carpal tunnel syndrome. *PageID* 215. The application was denied initially and upon reconsideration, and plaintiff requested a *de novo* hearing before an administrative law judge.

An administrative hearing was held, by videoconference, on March 16, 2012. Plaintiff, represented by counsel, testified, as did Cyndee Burnett, a vocational expert. In a decision dated March 28, 2012, the administrative law judge concluded that plaintiff was not disabled at any time prior to the lapse of her insured status on December 31, 2005. *PageID*

69-84. That decision became the final decision of the Commissioner of Social Security when the Appeals Council declined review on May 15, 2013. *PageID* 62-66.

Plaintiff was 23 years of age on her alleged disability onset date. *PageID* 123, 211. She has a high school education and one year of college. *PageID* 216. She has prior relevant work experience at a home improvement center and fast food restaurant. *Id.* Plaintiff served in the United States Navy from March 1995 until June 2000. *Id.* She was last insured for disability insurance benefits on December 31, 2005. *PageID* 74, 123. She did not engage in substantial gainful activity from her alleged disability onset date of June 1, 2000 through the date that she was last insured, *i.e.,* December 31, 2005. *Id.*

## II. The Evidence of Record

Plaintiff sought mental health treatment from the Veterans Administration Medical Center ("VA") beginning October 11, 2000. *PageID* 993. She reported symptoms of depression for the prior 1 ½ years, including crying, waking 3-4 times per night, poor appetite, poor energy and decreased motivation. *Id.* Paxil and follow-up treatment were prescribed. *Id.* Progress notes from November 29, 2000 indicated that plaintiff's depression and mood swings continued although plaintiff had not yet begun the prescribed medication. *PageID* 990, 992. On February 22, 2001, plaintiff reported continued mood swings and depression. *PageID* 990. Progress notes from September 8, 2001, refer to Paxil and Azmacort. *PageID* 983.

Summaries of VA records refer to diagnoses of depressive disorder in December 2002; migraines, asthma, tendinitis and low back pain in March 2004; and bipolar disorder and hyperlipidemia in 2005. *PageID* 299; *PageID*

2

343-347. Beginning in June 2005, plaintiff also underwent monthly psychiatric treatment. *PageID* 343-347. However, there are no counseling session notes or records of clinical observations from that period. Also included in the VA records is a May 15, 2001 notation referring to a service connected disability of 100%, with the following "Rated Disabilities":

>     MAJOR DEPRESSIVE DISORDER (70%)
>     LOSS OF FIELD OF VISION (50%)
>     MIGRAINE HEADACHES (30%)
>     TINNITUS (30%)
>     BACK STRAIN (10%)
>     IMPAIRMENT OF TOES (10%)
>     TENDON INFLAMMATION (10%)
>     ASTHMA, BRONCIAL (10%)
>     SINUSITIS, MAXILLARY, CHRONIC (0%)
>     OSTEOMALACIA (0%)
>     LOSS OF MOTION RING OR LITTLE FINGER (0%)
>     HEMORRHOIDS (0%)
>     TENDON INFLAMMATION (0%)
>     OSTEOMALACIA (0%)

*PageID* 976-77.

At the request of the state agency, the evidence relating to plaintiff's mental impairment was reviewed in September 2010, by Jennifer Swain, Psy.D., and in December 2010 by Ermias Seleshi, M.D. *PageID* 126, 134. Neither found evidence in the record of a severe mental impairment. *Id.* State agency physician W. Jerry McCloud, M.D., reviewed the file in September 2010, *PageID* 123-25, and found no evidence of a severe physical impairment. *PageID* 125. Diane Manos, M.D., reviewed the file in December 2010 and also found insufficient evidence of a severe physical impairment. *PageID* 135-136.

VA progress notes from November 30, 2010 include the notation that plaintiff "has been under the care of the Department of Veterans Affairs Ambulatory Care Center since September 2002. Ms. Dellerman is 70% service connected for her disability, major depressive disorder." *PageID* 959.

On March 15, 2012, Alicia Hale, M.D., plaintiff's treating psychiatrist, reported that plaintiff has been seen by multiple providers, including psychiatrists, every two to three months. *PageID* 997. Plaintiff's diagnoses include depression and bipolar disorder, obesity, migraines, high cholesterol, asthma and sleep apnea. *Id.* According to Dr. Hale, plaintiff's impairments, symptoms and limitations have been present since 1999. *Id.* In a mental capacity evaluation, Dr. Hale opined that plaintiff had no limitations in carrying out short and simple instructions and minimal limitations in making simple work related decisions. *PageID* 998. Plaintiff's work performance would be impacted 10% of the time by limitations in carrying out detailed instructions, sustaining an ordinary routine, accepting instructions and responding appropriately to criticism, and setting realistic goals. *PageID* 998-999. Plaintiff's ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances, work in coordination with or in proximity to others without being distracted by them and completing a normal workday and workweek without interruptions from psychologically based symptoms, and responding appropriately to changes in the work setting would be impacted 15% of the day. *Id.* Plaintiff would be off task 20% of the time, would miss more than 5 days of work per month, and would be 50% less efficient than the average worker. *PageID* 999. Dr. Hale assigned a Global Assessment of Functioning (GAF)[1]

---

[1] The GAF is a tool used by health-care professionals to assess a person's psychological, social, and occupational functioning on a hypothetical continuum of mental illness. A GAF score "represents a 'snapshot' of a person's 'overall psychological functioning' at or near the time of the evaluation." *McGuire v. Comm'r of Soc. Sec.*, No. 2:12-cv-1084, 2013 U.S. Dist. LEXIS 128959, at *36 (S.D. Ohio Sept. 10, 2013) (quoting *Martin v. Comm'r of Soc. Sec.*, No. 02-5464, 61 Fed. Appx. 191, 194 n.2 (6th Cir. April 9, 2003)). On a scale of zero to 100, a GAF score of 51-60 indicates moderate symptoms or "moderate difficulty in social, occupational, or school functioning[.]" *Curler v. Comm'r of Soc. Sec.*,

score of 65, which is indicative of mild symptoms.  *PageID* 1000.  Dr. Hale concluded that plaintiff is not able to "retain" work.  *Id.*

Plaintiff testified at the administrative hearing that she has received treatment at VA facilities in San Diego, Columbus and Newark continuously since her separation from the Navy in 2000. *PageID* 94-96. She currently undergoes treatment for both physical and mental problems at the VA facility in Columbus, Ohio. She was last hospitalized in 2008 in Chillicothe for her mental problem.  *PageID* 94-95.  She had treated with Dr. Hale for about a year at the time of the hearing.  *Id.*  At the time of the administrative hearing, she was going to the VA four to six times per month in connection with her psychological impairments.  *PageID* 97. Her treatment includes medication and psychotherapy.  *Id.*  When asked how her depression and bipolar disorder affect her daily activities, plaintiff testified that she cannot predict how she will react to certain situations; she experienced a panic attack on the way to the administrative hearing. *PageID* 98.  Her symptoms had been consistent for the prior decade.  *Id.* Her medications cause tremors, weight gain and problems with concentration. *PageID* 99.  She sleeps about four hours at night and naps for at least two hours each day.  *PageID* 100.  Her husband, who is retired from the military, performs most of the household chores, although her mother assists in these tasks on a daily basis.  Her husband does most of the parenting for their young children.  *PageID* 100-01, 108, 113. Plaintiff attends church on Sundays and, on occasion, on Wednesdays as well.  *PageID* 103.

Plaintiff also experiences migraine headaches four or five times per month, which sometimes last for days.  The headaches cause nausea and she

---

No. 13-1721, 2014 U.S. App. LEXIS 6202, at *2 n.1 (6th Cir. April 1, 2014) (internal

must lie down in a dark room. *PageID* 101. She has many days when she cannot function. *PageID* 102-03. Her condition has worsened since she left the military in 2000. *PageID* 103.

### III. Administrative Decision

In her decision, the administrative law judge found that plaintiff met the insured status requirements of the Social Security Act through December 31, 2005. *PageID* 74. The administrative law judge also found that plaintiff had the following medically determinable impairments through the date last insured: bi-polar disorder, rheumatoid arthritis, asthma, chronic back pain, and torn meniscus in knee with chronic pain. *Id.* However, plaintiff's hypertension, obstructive sleep apnea, migraine headaches, chronic fatigue syndrome and hyperlipidemia were not severe impairments because they did not cause more than minimal limitation in plaintiff's ability to perform basic work activities. *PageID* 74-75. There was no evidence that plaintiff's obesity cause any limitation. *PageID* 76. According to the administrative law judge, plaintiff had no impairment or combination of impairments that significantly limits her ability to perform basic work related activities for 12 consecutive months. *PageID* 76. Specifically referring to the VA's 70% disability award, the administrative law judge found that this award was made on November 2010, a decade after plaintiff's alleged disability onset date and five years after the lapse of plaintiff's insured status. *PageID* 81. In finding that plaintiff had no severe impairment prior to the lapse of plaintiff's insured status, the administrative law judge gave "substantial or significant weight" to the opinions of the state agency reviewing physicians, Drs. Seleshi, Swain, McCloud and Manos, *PageID* 83, and "very little weight"

---

quotation marks and citations omitted).

to Dr. Hale's opinion, finding that Dr. Hale had not had a treatment relationship with plaintiff for the decade prior to rendering the opinion, that the medical record did not support her opinion and that Dr. Hale had assigned a GAF score of 65.  *PageID* 82. The administrative law judge also found that plaintiff's testimony and subjective complaints were not fully credible.  *PageID* 81-82.

**IV.  DISCUSSION**

Pursuant to 42 U.S.C. § 405(g), judicial review of the Commissioner's decision is limited to determining whether the findings of the administrative law judge are supported by substantial evidence and employed the proper legal standards.  *Richardson v. Perales*, 402 U.S. 389 (1971). Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  See *Buxton v. Halter,* 246 F.3d 762, 772 (6th Cir. 2001); *Kirk v. Secretary of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981).  This Court does not try the case *de novo*, nor does it resolve conflicts in the evidence or questions of credibility. *See Brainard v. Secretary of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, this Court must examine the administrative record as a whole. *Kirk*, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if this Court would decide the matter differently, *see Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion.  *Longworth v. Comm'r Soc. Sec.,* 402 F.3d 591, 595 (6th Cir. 2005).

In her *Statement of Errors*, plaintiff contends that the administrative law judge erred in her consideration of plaintiff's VA disability award.  This Court agrees. The United States Court of Appeals for the Sixth Circuit has not specified the particular weight to be given to the VA's % disability determinations.  *LaRiccia v. Comm'r of Soc. Sec.*, No. 12-4198, 549 Fed. Appx. 377, at *387 (6th Cir. Dec. 13, 2013) (citing *Stewart v. Heckler*, 730 F.2d 1065 (6th Cir. 1984)).  The applicable Social Security regulation provides that another governmental agency's determination is not binding on the Commissioner:

> A decision by any nongovernmental agency or any other governmental agency about whether you are disabled or blind is based on its rules and is not our decision about whether you are disabled or blind. We must make a disability or blindness determination based on social security law. Therefore, a determination made by another agency that you are disabled or blind is not binding on us.

20 C.F.R. § 404.1504.  However, such a finding may be relevant to the determination of the Social Security Administration. *See*, *e.g.*, *LaRiccia*, 549 Fed. Appx. 377, at *388; *King v. Comm'r of Soc. Sec.*, 779 F. Supp.2d 721, 725-26 (E.D. Mich. Mar. 28, 2011). "Regardless of the weight afforded, an ALJ 'should explain the consideration given to these [agency] decisions in the notice of decision.'"  *LaRiccia*, 549 Fed. Appx. 377, at *388 (quoting SSR 06-03p, 2006 SSR LEXIS 5, at *18 (Aug. 9, 2006)).  Accordingly, courts have remanded cases where, *inter alia*, the administrative law judge failed to properly weigh the agency decision or to articulate proper reasons for rejecting such a decision.  *See*, *e.g.*, *LaRiccia*, 549 Fed. Appx. 377, at *388 (remanding where the administrative law judge "erred by discounting the VA assessment because it included conditions not deemed severe in the social security context" and where the administrative law judge inaccurately appeared to suggest "that each condition considered by the

VA must be totally disabling, standing alone, for the VA assessment to be relevant"); *Orr v. Comm'r of Soc. Sec.*, No. 13-cv-346, 2014 U.S. Dist. LEXIS 99425, at *17 (S.D. Ohio July 21, 2014) ("While the ALJ briefly addressed the VA decision, given the fact that the VA found Plaintiff 100% disabled, the Court finds that the ALJ did not properly weigh the finding of disability."); *McGrew v. Colvin*, No. 13-cv-118, 2014 U.S. Dist. LEXIS 48454, at *30 (S.D. Ohio Apr. 8, 2014) (remanding where, *inter alia*, the administrative law judge failed to explain consideration of the VA disability rating); *King*, 779 F. Supp.2d at 726 (remanding case "for further consideration of the evidence in light of a better-developed record of the VA disability determination" where the administrative law judge "did not explain whether she accorded any weigh[t] to [the VA's determination] and if not why not").

In the case presently before the Court, the administrative law judge referred to a 2010 disability determination by the VA:

> Interestingly, the claimant has received a 70% disability award from the Veteran's Administration based on her mental and physical issues.  (Exh. 5F, p. 134 [*PageID* 959])  While I noted that this was significant, unfortunately, this was not attained until November 2010, 10 years after her alleged onset date and 5 years after the claimant's date last insured.  Although there was significant evidence of disabling impairments, there was no indication that these impairments impacted the claimant to such a degree prior to her date last insured.  Because this is a Title II only case, this eliminated the claimant's ability to attain benefits under this program.

*PageID* 81.  Citing *PageID* 976, plaintiff insists that the record establishes a 100% disability determination by the VA since at least 2001. According to plaintiff, the administrative law judge's failure to refer to this exhibit "suggests that the ALJ may not have considered this Exhibit [VA record dated 2001 finding plaintiff 100% disabled] which was filed shortly before the hearing." *Statement of Errors*, p. 5.  Plaintiff

9

further argues that the November 2010 note relied upon by the administrative law judge merely confirmed plaintiff's long-term treatment at the VA and did not even purport to establish the date on which the VA found her to be disabled.  *Id*. at 4.

There is no evidence that the administrative law judge considered the 2001 reference to a VA service-connected disability determination.  *See PageID* 81, 976-977.  As discussed *supra*, an administrative law judge's failure to properly address and weigh a VA determination, even though the determination may ultimately be rejected, warrants remand.  *See*, *e.g.*, *Orr*, 2014 U.S. Dist. LEXIS 99425, at *17; *McGrew*, 2014 U.S. Dist. LEXIS 48454, at *30; *Rothgeb v. Comm'r*, 626 F. Supp.2d 797, 809-810 (S.D. Ohio 2009) ("The ALJ erred in failing to consider the Veteran Administration's decision to grant Plaintiff complete disability status.  The ALJ was not bound by the decision of the Department of Veterans Affairs.  However, he at least should have considered the decision and articulated his reasons for rejecting it.") (internal citations omitted)  *Cf. LaRiccia*, 549 Fed. Appx. 377, at *388 (remanding where, *inter alia*, the administrative law judge erred in its analysis when rejecting a VA determination).

The Commissioner discounts the significance of this exhibit, *PageID* 976-979, *Memorandum in Opposition*, p. 15,  noting that the exhibit is not signed by a doctor or government official and is not on VA letterhead.  *Id*.  However, the administrative record available to the administrative law judge includes this exhibit, which is identified as "Office Treatment Records, dated 02/23/2001 to 06/13/2001, from VA."  *See* Doc. No. 12-9.  Accordingly, the Commissioner's own filing establishes that the reference to a 100% service-connected disability in 2001 came from the VA.

10

The Commissioner also argues that "the service connected disability is not noted in many other records from the VA"; that plaintiff fails to explain why she waited until 2010 to apply for social security disability benefits if she was determined to be disabled in 2001; and that, in any event, an alleged VA determination in 2001 is not binding on the administrative law judge or the Social Security Administration. *Memorandum in Opposition*, pp. 15-16. However, it is for the administrative law judge, not this Court, to determine the relevance and weight of this evidence. There is simply no indication in the record that the administrative law judge even considered this evidence. *See*, *e.g.*, *LaRiccia*, 549 Fed. Appx. at *388; *Rothgeb*, 626 F. Supp.2d at 810. The Court therefore concludes that remand of the action is warranted.

Having so concluded, the Court need not, and does not, address plaintiff's challenge to the administrative law judge's evaluation of the opinions of plaintiff's treating physician, Dr. Hale, or plaintiff's assertion that the administrative law judge's decision is internally inconsistent and incomprehensible.

It is therefore **RECOMMENDED** that the decision of the Commissioner be **REVERSED** and that this action be **REMANDED,** pursuant to Sentence 4 of 42 U.S.C. § 405(g), for further consideration of evidence relating to the VA's 2001 disability determination.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1);

F.R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).


July 28, 2014                                    *s/Norah McCann King*
                                             Norah M<sup>c</sup>Cann King
                                         United States Magistrate Judge